# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWAHN MCELROY, | CASE NO. 1:07-cv-01677-OWW-WMW PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| DEPARTMENT OF CORRECTIONS, et al., | |
| | (Doc. 1) |
| Defendants. | |
| | RESPONSE DUE WITHIN 30 DAYS |

Plaintiff Lawahn McElroy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Kern Valley State Prison in Delano, California ("KVSP"). Plaintiff is suing under 42 U.S.C. § 1983 for violations of his rights under the First, Eighth, and Fourteenth Amendments of the U.S. Constitution. Plaintiff names the Department of Corrections, Chief Deputy Warden Chris Chrones, Warden Knowles, Associate Warden Kays, Sergeant Hayden, Sergeant B. Cope, and unknown ("Doe") correctional officers as defendants.

The Court finds that Plaintiff's complaint states some cognizable claims and will give Plaintiff the opportunity to either proceed on the claims found cognizable in this order, or file an amended complaint to remedy the claims that are not cognizable.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Factual Background**

Plaintiff alleges that on February 5, 2007 at KVSP he was escorted outside naked and beaten by unknown correctional officers. Plaintiff alleges that this was done because the officers believed Plaintiff had "severely busted a [sergeant's] head", (Compl. 4), and also out of discrimination toward Plaintiff's religious beliefs. A few hours later, Defendant B. Cope physically attacked Plaintiff allegedly to "fit in" with his fellow correctional officers. (Compl. 4).

At some unspecified point in time, Plaintiff was transferred from KVSP. Plaintiff was transferred back to KVSP on August 24, 2007 and his safety is threatened by the same defendants who previously attacked him. Plaintiff alleges that he has "serious medical needs" and has not received any treatment.

///

///

III. **Discussion**

    A.    **Plaintiff's Claims**

        1.    **First Amendment Claim - Free Exercise of Religion**

Plaintiff alleges that unknown correctional officers burdened Plaintiff's exercise of his religion. The First Amendment of the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const., amend. I. "Inmates clearly retain protections afforded by the First Amendment . . . including its directive that no law shall prohibit the free exercise of religion". O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citing Pell v. Procunier, 417 U.S. 817, 822 (1974); Cruz v. Beto, 405 U.S. 319 (1972)). However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)). "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997). Plaintiff must show that his practice is both "'sincerely held'" and "'rooted in religious belief.'" Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008) (quoting Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994)).

Plaintiff alleges that the actions of the unknown correctional officers arose "out of [officials'] bias to indigenous faith/discrimination, a pattern of practice of cultural denials, artifacts, symbols and crafts mishandled, [mismanagement] of property/funds and attempted culture theft".[1] (Compl. 3). Although Plaintiff's allegations regarding the "attempted culture theft" are too vague to support a claim under the Free Exercise Clause, his allegation that the unknown correctional officers attacked Plaintiff because of his religious beliefs states a cognizable claim.

///

///

---

[1] Plaintiff's complaint is handwritten and often illegible. The Court quotes and reproduces excerpts from the complaint to the best of its ability.

**2.     Eighth Amendment Claims**

Plaintiff alleges that defendants violated his Eighth Amendment rights. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303).

**i.     Use of Excessive Force**

Plaintiff alleges that Defendant B. Cope and unknown correctional officers used excessive force against Plaintiff constituting cruel and unusual punishment in violation of the Eighth Amendment. Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley, 475 U.S. at 321. Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response. Id. The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Id. at 319. Prison

administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

Plaintiff alleges that the unknown correctional officers attacked Plaintiff after they escorted him outside in the nude by slamming him into the ground and "brutally deck[ing]" Plaintiff in the sternum and below the right eye.  (Compl. 3).  Plaintiff alleges that Defendant B. Cope slammed Plaintiff against the wall and hit him in the right eye in order to fit in with other correctional officers. Therefore, Plaintiff states cognizable claims for use of excessive force against Defendant B. Cope and unknown correctional officers.

### ii.     **Denial of Medical Care**

Plaintiff alleges that defendants denied Plaintiff medical care for his serious medical needs. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976).  "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (quoting Estelle, 429 U.S. at 104).  Delay of medical treatment can amount to deliberate indifference.  See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); McGuckin, 974 F.2d at 1059; Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

Plaintiff's allegations regarding the denial of his medical care are vague and lack sufficient factual allegations to state a cognizable claim.  Plaintiff does not clearly state what his medical needs are, nor does he state how the denial of medical care will lead to further significant injury or the "unnecessary and wanton infliction of pain".  Moreover, Plaintiff does not allege who denied his medical treatment or how it was denied.  To the extent that Plaintiff attempts to hold supervisory personnel liable for denial of medical treatment, Plaintiff cannot state a claim against the warden or other supervisory personnel without alleging facts establishing that they were directly involved in

5

the denial of medical care.  See infra Part III.B.2.  Therefore, Plaintiff fails to state a cognizable claim for denial of medical care in violation of the Eighth Amendment.

### iii.    Threats to Safety

Plaintiff alleges that defendants violated their duty to protect Plaintiff by transferring him back to KVSP because he was placed in danger of being attacked again.  Deliberate indifference to threats to a prisoner's safety can constitute a violation of the Eighth Amendment.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  However, Plaintiff fails to allege which defendants were responsible for his transfer and would be liable for a violation of the Eighth Amendment.  Pursuant to this order, Plaintiff will be given an opportunity to amend his complaint.  In order to state a claim for deliberate indifference to threats to his safety, Plaintiff must specifically allege who was deliberately indifferent to threats to his safety.

### 3.    Fourteenth Amendment Claim - Equal Protection

Plaintiff alleges that defendants denied him equal protection under the law in violation of the Fourteenth Amendment.  The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  A plaintiff may establish an equal protection claim by showing that the defendant was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005).  An individual religion is a suspect class.  Christian Science Reading Room Jointly Maintained v. City and County of San Fransisco, 784 F.2d 1010, 1012 (9th Cir. 1986).

Plaintiff alleges that unknown correctional officers attacked him as a result of Plaintiff's religion.  Therefore, Plaintiff states a cognizable claim for an equal protection violation against the unknown correctional officers.

///

///

///

6

**B.      Claims Against Other Defendants**

      **1.      Eleventh Amendment Immunity**

Plaintiff names the Department of Corrections as a defendant in his complaint, which is an agency of the state of California. The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Amendment . . . enacts a sovereign immunity from suit, rather than a nonwaivable limit on the Federal Judiciary's subject-matter jurisdiction." Idaho v. Couer d'Alene Tribe, 521 U.S. 261, 267 (1997). "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state both by its own citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Hyland v. Wonder, 117 F.3d 405, 413 (9th Cir.), amended by 127 F.3d 1135 (9th Cir. 1997); see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (stating Board of Corrections is agency entitled to immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); cf. Leer v. Murphy, 844 F.2d 628, 631 (9th Cir. 1988) (stating that Eleventh Amendment requires examination of the complaint and relief sought to determine whether the state is the "real party in interest"). Therefore, Plaintiff's claim against the Department of Corrections is barred by the Eleventh Amendment.

      **2.      Supervisory Personnel**

Plaintiff names a number of supervisory personnel as defendants in his complaint. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically

7

alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff has failed to allege that supervisory personnel personally participated in the alleged violations, knew of the violations and failed to prevent them, or implemented a policy that is the moving force of the violation. Therefore, Plaintiff fails to state any cognizable claims against Defendants Chief Deputy Warden Chris Chrones, Warden Knowles, and Associate Warden Kays.

**IV.     Conclusion and Order**

Plaintiff's complaint states cognizable claims against Defendant B. Cope for violating the Eighth Amendment and unknown correctional officers for violating the First, Eighth, and Fourteenth Amendments.  Plaintiff's complaint fails to state claims against any other defendants.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff one (1) summons and one (1) USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  With respect to

8

exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . .", Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted), meaning Plaintiff must provide enough allegations in his complaint to demonstrate why he is entitled to the relief that he seeks.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant B. Cope for use of excessive force, and against unknown correctional officers for use of excessive force, and violating the Free Exercise and Equal Protection Clauses; and

///

///

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:     January 30, 2009                          /s/  William M. Wunderlich
                                                    UNITED STATES MAGISTRATE JUDGE