# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN MCELROY,<br><br>           Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:07-cv-01677-OWW-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS THAT ACTION BE DISMISSED<br><br>(Doc. 29)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Latwahn McElroy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 15, 2009, Defendant Cope filed a motion to dismiss based on Plaintiff's failure to exhaust his administrative remedies. (Doc. #29.) Plaintiff has not filed an opposition or a statement of non-opposition to Defendant's motion to dismiss. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Kern Valley State Prison ("KVSP"). Plaintiff is suing under Section 1983 for the violation of his rights under the First, Eighth, and Fourteenth Amendments. Plaintiff names B. Cope and unknown ("Doe") correctional officers as defendants. For the reasons set forth below, it is recommended that Plaintiff's action be dismissed.

**I.    Background**

This action proceeds on Plaintiff's complaint, filed on October 19, 2007. (Doc. #1.) Plaintiff claims that Defendant Cope violated Plaintiff's rights under the Eighth Amendment by using excessive force against Plaintiff during events that transpired on February 5, 2007. Plaintiff further

alleges claims against unknown correctional officers for violating the First, Eighth, and Fourteenth Amendments.

Defendant filed a motion to dismiss on October 15, 2009. (Doc. #29.) Defendant moves for the dismissal on the ground that Plaintiff failed to exhaust his administrative remedies before filing suit, as required by the Prison Litigation Reform Act ("PRLA").

Defendant argues that the inmate appeal system at KVSP consists of four levels of appeal and where the staff grants only some of the requested relief or an inmate believes he is entitled to further relief, an inmate must continue the exhaustion process. (Decl. of D. Foston in Supp. of Def's. Mot. to Dismiss 2:3-7; 2:18-21.) Defendant maintains that Plaintiff did not file an administrative appeal contending that Defendant Cope used excessive force, that was partially granted at any level. (Mot. 4:20-21.) Between December 1, 2006, and April 3, 2007, Defendant filed 16 appeals; one of the appeals was accepted for review but later cancelled. Plaintiff also filed one appeal concerning a medical issue on April 4, 2007, which was accepted for review. (Id. at 4:22-27.)

Between April 4, 2007, and May 17, 2007, Plaintiff also filed one staff complaint which was screened out. Defendant argues that because the complaint was screened out, a copy was not retained and it is impossible to tell whether the complaint alleged that Defendant Cope used excessive force against Plaintiff. (Id. at 5:1-4.) Defendant further argues that assuming Plaintiff filed an administrative appeal, he did not pursue or exhaust the appeal to the highest level. (Id. at 5:14-15, citing Compl. at Part II.C.)

Plaintiff has not filed an opposition to Defendant's motion to dismiss. On April 22, 2010, the Court ordered Plaintiff to file an opposition or statement of non-opposition to Defendant's motion to dismiss. (Doc. #36.) Plaintiff was specifically warned that "failure to file an opposition or statement of non-opposition in compliance with this order may result in this action being dismissed for failure to obey a court order and failure to prosecute. (Order Requiring Pl. to File, Within 30 Days, Opp'n or Statement of Non-Opp'n to Def.'s Mot. to Dismiss 1:23-24.)

**II.   Discussion**

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Section 1997e exhaustion requirement applies to all prisoner suits concerning prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires proper exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. *Id*. at 90-91. The proper exhaustion requirement serves two important purposes: (1) it gives an agency the opportunity to correct its own mistakes before it is brought into federal court; and (2) it promotes efficiency because claims can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court. *Id*. at 89.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which Defendant has the burden of raising and proving. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust non-judicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Id*. at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id*. at 1119-20. If the Court concludes that the prisoner had failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id*.

Defendant Cope has demonstrated that Plaintiff has failed to properly exhaust his administrative remedies prior to filing suit. Defendants note that Plaintiff's alleged appeal was granted only in part and that Plaintiff was required to appeal to another level. Plaintiff failed to do so, and as a result, he did not completely exhaust his appeal.

**III.    Conclusion and Recommendation**

The Court finds that Plaintiff has failed to properly exhaust his administrative remedies, as required by the PLRA. Accordingly, it is HEREBY RECOMMENDED that Defendant's motion to dismiss, filed on October 15, 2009, be GRANTED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30)

1 days after being served with these Findings and Recommendations, any party may file written
2 objections with the Court and serve a copy on all parties.  Such a document should be captioned
3 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
4 shall be served and filed within ten (10) days after service of the objections.  The parties are advised
5 that failure to file objections within the specified time may waive the right to appeal the District
6 Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

8 IT IS SO ORDERED.

9 **Dated:    July 28, 2010**                                  /s/ Sheila K. Oberto
                                                                             UNITED STATES MAGISTRATE JUDGE